FILED
APR 3 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Paul Tallini,           )
                        )
    Petitioner,         )
                        )
v.                      )    Civil Action No. **12 0685**
                        )
Charles E. Samuels, Jr., Director of the )
Federal Bureau of Prisons, )
                        )
    Respondent.         )

MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the petition for a writ of mandamus and application for leave to proceed *in forma pauperis*. Upon review of the petition, the Court finds that petitioner has failed to state a claim for such extraordinary relief. It therefore will grant the *in forma pauperis* application and dismiss the petition pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Petitioner, a prisoner at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania, seeks an order to compel the Bureau of Prisons' Director "to show cause as to why the one year reduction [under 18 U.S.C. § 3621(e)(2)(B)] allowed to inmates from the Ninth Circuit should not apply equally to all other similarly situated inmates, specifically the Petitioner." Pet. at 5. He asserts that "BOP's policy violates the equal protection of the law as guaranteed by the United States Constitution." *Id*. at 6.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of

mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Furthermore, mandamus relief is not available when, as here, an adequate remedy exists to address the underlying claim. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]") (citation omitted); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie").

The instant petition provides no basis for issuing a writ of mandamus because (1) "When an eligible prisoner successfully completes drug treatment, the Bureau [] has the authority, *but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment," *Lopez v. Davis*, 531 U.S. 230, 241 (2001) (emphasis supplied); *see also* § 3621 (e)(2)(A) ("Any prisoner who, *in the judgment of the Director of the Bureau of Prisons*, has successfully completed a program of residential substance abuse treatment . . . shall remain in the custody of the Bureau *under such conditions as the Bureau deems appropriate.*") (emphases supplied); (2) this Court is not bound by Ninth Circuit precedent, which, in any event, does not supersede Supreme Court precedent establishing the challenged decisions as discretionary acts; and (3) petitioner has an adequate remedy in habeas to challenge BOP's alleged unconstitutional denial of statutory relief to him, *see Boultinghouse v. Lappin*, 816 F. Supp. 2d 107, 111-12 (D.D.C. 2011), but only in the judicial district having jurisdiction over his warden. *See Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a

habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *accord Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted).

For the foregoing reasons, the Court will dismiss this mandamus action for failure to state a claim upon which relief can be granted. A separate Order accompanies this Memorandum Opinion.

Date: April 25th, 2012

_____
United States District Judge